IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

O'BRIAN HENIGAN,
  Plaintiff,

v.

SIGLER, *et al.*,
  Defendants.

Case No. 3:26-cv-03027-JEH

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

## II

Plaintiff files suit against Nurses Sigler, Law, and Ella Fritz, Correctional Officers Hea, Smith, and Nall, and Wexford Health Care Services ("Wexford").

During med pass on March 7, 2024, Defendant Sigler gave Plaintiff a packet containing a powder and indicated it was his medication. Plaintiff took the medication and asked the name of it. Defendant Sigler said she did not know because she could not read the writing. Defendant Sigler then gave Plaintiff his pills. Plaintiff noticed the pills were not his prescribed medication. Plaintiff attempted to get Defendant Hea's attention, but Defendant Hea ignored him.

A couple days later, Defendants Sigler, Nall, and Smith came to Plaintiff's cell for med pass. Defendant Sigler gave Plaintiff a packet containing a powder, which Defendant indicated was Gabapentin. Plaintiff took the medication and noticed it had a different taste and effect. Defendant Sigler also gave Plaintiff pills. Plaintiff told Defendants Nall and Smith that Defendant Sigler gave him the wrong pills. As Defendants Nall and Smith walked away from Plaintiff's cell, Defendant Nall stated that Plaintiff "should be happy." (Doc. 1 at p. 6). As Defendants Nall and Smith laughed, Defendant Smith said, "I can speed up the process." *Id.*

A couple hours later, Plaintiff noticed his jaw and muscles locking up. Plaintiff states he does not remember anything after that. Plaintiff woke up the next morning and had difficulty breathing. Plaintiff reported his symptoms to a correctional officer and was sent to the Healthcare Unit ("HCU").

Plaintiff alleges Defendants Law and Sigler denied him a medical assessment on an unspecified date while he was in segregation.

On April 6, 2025, Plaintiff went to the HCU for respiratory issues, which he began experiencing after taking the undisclosed powder substance. Plaintiff explained his medical situation to Defendant Fritz. Plaintiff alleges that Little, a mental health professional, cut Plaintiff off and claimed the psych medications did

2

not do what Plaintiff claimed. Defendant Fritz did not do a medical assessment or check Plaintiff's vitals and sent him back to his cell.

Plaintiff alleges Defendants Sigler, Law, and Fritz are employed by Defendant Wexford.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges Defendant Nurse Sigler gave him an unidentified powder and the wrong pills on two occasions in early March 2024. When Plaintiff informed Defendants Correctional Officers Hall and Smith that Defendant Sigler gave him the wrong medication during med pass, they allegedly failed to take action. Plaintiff alleges he experienced breathing difficulties and his muscle and jaw

locked up after taking the medications. Based on his allegations, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendants Sigler, Hall, and Smith.

Plaintiff also states an Eighth Amendment deliberate indifference claim against Defendant Nurse Fritz for allegedly denying him medical treatment when he was experiencing respiratory issues on April 6, 2025.

Plaintiff's allegations against Defendants Correctional Officer Hea, Nurse Law, and Wexford are too sparse to state a claim. Defendant Wexford is not liable simply because it employed Defendants Sigler, Fritz, and Law, as there is no *respondeat superior* liability under § 1983. *See Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Defendants Hea, Law, and Wexford are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

### IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711.

Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does

not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is DENIED with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment deliberate indifference claim against Defendants Sigler, Hall, Smith, and Ella Fritz. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendants Hea, Law, and Wexford are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Hea, Law, and Wexford.

3)      Plaintiff's Motion to Request Counsel [4] is DENIED.

4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require

Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)    If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)    This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be

returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)      Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)     Plaintiff shall be provided a copy of all pertinent medical records upon request.

12)     Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 30, 2026

s/Jonathan E. Hawley
U.S. District Judge