E-FILED
Tuesday, 30 June, 2026  11:10:29 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

O'BRIAN HENIGAN,
    Plaintiff,

v.

                                        Case No. 3:26-cv-03027-JEH

JANIE SIGLER, *et al.*,
    Defendants.

### Merit Review Order

This matter is now before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. 25) and Defendants Bradley Smith and Justin Nall's Motion for Extension of Time (Doc. 28) requesting an additional 30 days to file a motion for summary judgment on exhaustion of administrative remedies. For the reasons stated below, the Motions are GRANTED.

### I

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center. (Doc. 1). On March 30, 2026, the Court conducted a merit review under 28 U.S.C. § 1915A and allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendants Janie Sigler, Justin Nall, Bradley Smith, and Jill Ellefritz. (Doc. 9). The Court dismissed Defendants Hea, Law, and Wexford without prejudice of failure to state a claim for relief. *Id.*

After Defendants filed answers, the Court entered a Scheduling Order requiring Plaintiff to file any motion requesting leave to amend by August 27, 2026. (Doc. 22 at p. 2, ¶ 2).

1

On June 11, 2026, Plaintiff filed a timely Motion for Leave to File Amended Complaint seeking to add Hea, Law, and Little as additional Defendants. (Doc. 25). Defendants Sigler, Nall, Smith, and Ellefritz did not file a response. Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Therefore, Plaintiff's Motion for Leave to File Amended Complaint is GRANTED. The Court will now conduct a merit review of Plaintiff's Amended Complaint under § 1915A.

## II

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff files suit against Defendants Nurses Janie Sigler and Jill Ellefritz, Correctional Officers Hea, Justin Nall, and Bradley Smith, Nurse Practitioner Law, and Mental Health Professional ("MHP") Little.

Plaintiff alleges Defendants Nurse Sigler and Correctional Officer Hea came to his cell for med pass on an unspecified date in March 2024. Defendant Sigler allegedly gave Plaintiff a packet containing an unidentified white powdery substance and indicated it was Plaintiff's medication. Plaintiff alleges he took the medication and immediately noticed it tasted different than his prescribed medication. Plaintiff asked Defendant Sigler the name of the medication. Defendant Sigler allegedly shrugged and stated, "I don't know. I can't read the

2

name." (Doc. 25-1 at p. 1). Defendant Sigler then passed Plaintiff additional medication in pill form. After Plaintiff observed the pills, he called out to Defendant Sigler, but she allegedly ignored him. Plaintiff then called out to Defendant Correctional Officer Hea, who was next door giving another inmate medication. Defendant Hea allegedly ignored Plaintiff and walked off the wing, "only acknowledging [Plaintiff] with disrespectful slurs." *Id.* The following day, Plaintiff gave the pills to Segreant Zanger and informed Sergeant Zanger the pills were not prescribed to him or his cellmate.

On another unspecified date in March 2024, Defendants Sigler, Nall, and Smith allegedly came to Plaintiff's cell for med pass. Defendant Sigler gave Plaintiff another packet containing a white powdery substance, which Defendant Sigler indicated was Gabapentin. Plaintiff alleges he took the medication and noticed it had the same distinct taste as the powdery substance Defendant Sigler previously gave him. When Plaintiff told Defendant Sigler the medication was different from his prescribed medication, Defendant Sigler allegedly shrugged and told Plaintiff that "she wouldn't take [the medication]." *Id.* at p. 2. Defendant Sigler also gave Plaintiff pills. Plaintiff alleges he tried to inform Defendants Sigler, Smith, and Nall that Defendant Sigler gave him the wrong medication. Defendants Sigler, Smith, and Nall allegedly ignored Plaintiff and continued walking past his call. As Defendant Nall walked by Plaintiff's cell, Defendant Nall allegedly told Plaintiff that he "should be happy." *Id.* Plaintiff alleges Defendants Sigler, Smith, and Nall started laughing. As they laughed, Defendant Smith allegedly stated, "I can speed up the process." *Id.*

A couple hours later, Plaintiff alleges he began to experience unusual side effects. Plaintiff alleges he blacked out and woke up the following day. Plaintiff was sent to the Healthcare Unit ("HCU") and examined by a nurse. Plaintiff

alleges he gave the pills to the nurse, who verified the pills were not his prescribed medication.

Later that week, Plaintiff alleges he spoke with Defendant Nurse Practitioner Law while she was doing rounds in the restrictive housing unit. Plaintiff told Defendant Law about Nurse Sigler and the side effects he experienced after taking the medication. Plaintiff alleges Defendant Law ignored his request for medical care and stated that she could not provide a medical assessment because Plaintiff was in segregation, not in general population.

On April 6, 2025, after Plaintiff was released from segregation, Plaintiff went to the HCU and was examined by Defendant Nurse Ellefritz. Plaintiff alleges he informed Defendant Ellefritz he began experiencing respiratory issues after taking the powdery substance. While explaining his medical issues to Defendant Ellefritz, Defendant MHP Little allegedly cut Plaintiff off and stated psych meds did not cause those side effects. Plaintiff alleges Defendant Ellefritz concluded the conversation based on Defendant Little's statement and did not provide a medical assessment, check Plaintiff's vitals, or provide medical treatment. Plaintiff alleges Defendant Little "was out of line for giving a conclusory assessment of [his] medical condition" and encouraging Defendant Ellefritz to send him back to his housing unit. *Id.* at p. 4.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that

4

is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges Defendant Nurse Sigler gave him an unidentified white powdery substance and the wrong pills on two occasions in March 2024. When Plaintiff informed Defendants Correctional Officers Hea, Nall, and Smith that Defendant Sigler gave him the wrong medication during med pass, they allegedly ignored him and failed to take action. Plaintiff alleges he experienced side effects, including respiratory issues, from taking the powdery substance. Plaintiff alleges Defendant Nurse Practitioner Law refused to provide medical care when he informed Defendant Law that he was experiencing side effects. Plaintiff also alleges Defendant Ellefritz denied him medical treatment on April 6, 2025, when he was experiencing respiratory issues caused by the powdery substance. Based on his allegations, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendants Sigler, Hea, Nall, Smith, Law, and Ellefritz.

Plaintiff alleges Defendant Little made a statement that caused Defendant Ellefritz not to provide medical attention on April 6, 2025. Plaintiff's sparse allegations against Defendant Little are insufficient to proceed on an Eighth Amendment deliberate indifference claim. Defendant Little is dismissed without

prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1)    Plaintiff's Motion for Leave to File Amended Complaint [25] is GRANTED. The Clerk is DIRECTED to file the Amended Complaint.

2)    Defendants Bradley Smith and Justin Nall's Motion for Extension of Time [28] is GRANTED. Defendants Smith and Nall are directed to file a motion for summary judgment on exhaustion of administrative remedies by July 29, 2026.

3)    According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment deliberate indifference claim against Defendants Janie Sigler, Justin Nall, Bradley Smith, Jill Ellefritz, Hea, and Law. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

4)    The Clerk is directed to ADD Hea (Correctional Officer) and Law (Nurse Practitioner) as Defendants.

5)    The Clerk is directed to correct Defendant Brad Smith's first name on the docket by changing "Brad" to "Bradley." (*See* Doc. 19 at p. 1).

6)    Defendant Little is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

7)    No waivers need to be issued for Defendants Sigler, Nall, Smith, and Ellefritz, as they have returned an executed summons. Defendants Sigler, Nall, Smith, and Ellefritz are ORDERED to answer Plaintiff's Amended Complaint within 21 days of this Order.

8)    The Clerk is DIRECTED to send Defendants Hea and Law pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver

6

of Service of Summons; 2) a Waiver of Service of Summons; 3) a copy of the Amended Complaint; and 4) a copy of this Merit Review Order.

9)    The Court will attempt service on Defendants Hea and Law by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)    Defendants Hea and Law shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

11)    If Defendants Hea and Law no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7

12) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

13) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

14) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

15) Plaintiff shall be provided a copy of all pertinent medical records upon request.

16) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

17)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 30, 2026

s/Jonathan E. Hawley
U.S. District Judge